IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                          Case Nos.:      4:14cr8/MW/CAS
                                                            4:16cv554/MW/CAS

PORSCHA THOMAS,
     Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Porscha Thomas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 112). The Government filed a response (ECF No. 877), but Thomas has not filed a reply, despite having been afforded the time in which to do so. (*See* ECF No. 118). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned concludes that Thomas has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. See Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND

Porscha Thomas pleaded guilty to Theft of Government Property ("Count One") and Aggravated Identity Theft ("Count Five") in exchange for the Government's agreement to drop two additional charges at sentencing. (*See* ECF Nos. 1, 45-47). The charges stemmed from a traffic stop of a vehicle rented by Thomas and driven by co-defendant Kenitra Gilmer. Law enforcement smelled marijuana, and upon a subsequent search located marijuana, $52,194 in U.S. Currency, seventeen TurboTax debit cards in the names of individuals other than the defendants, personal identifying information of yet other individuals, and five cellular telephones. (ECF No. 64, PSR ¶ 12). The debit cards contained fraudulently-acquired tax refunds that had been mailed to geographical areas associated with Thomas and Gilmer, although Thomas denied having any involvement in the filing of the fraudulent returns. (ECF No. 64, PSR ¶¶ 17, 20).

The final Presentence Investigation Report ("PSR") calculated Thomas' total offense level using only Count One, because Count Five carried a consecutive statutory sentence. (ECF No. 64, PSR ¶ 22). Her base offense level was six. A ten level adjustment was applied due to the intended loss, and another two level adjustment applied due to the number

of victims. After the three level adjustment for acceptance, Thomas' total offense level was 15. (ECF No. 64, PSR ¶¶ 23-33). She had a criminal history category of II. (ECF No. 64, PSR ¶ 40-41). The applicable guidelines range was 21 to 27 months as to Count One, followed by a consecutive term of 24 months on Count Five. (ECF No. 64, PSR ¶ 109).

The court sentenced Thomas at the bottom of the applicable range to a total term of 45 months imprisonment. (ECF Nos. 67-69, 80). She indicated her intent to appeal, jointly with her co-defendant, the court's denial of her motion to suppress. (ECF No. 80 at 34). Her appeal of that issue, as well as the court's restitution order, was unsuccessful. (ECF No. 103).

Thomas timely filed her § 2255 motion, raising a single ground for relief. She contends that she should receive a minor role reduction in her offense level pursuant to Amendment 794 to the Sentencing Guidelines, which became effective after her sentencing. The Government opposes the motion.

ANALYSIS

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are

extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

Section 3B1.2 of the Sentencing Guidelines provides for an adjustment in a defendant's offense level if the defendant was a minimal or minor participant in the offense conduct. The adjustment is available to a defendant who plays "a part in committing the offense that makes him

Case Nos.: 4:14cr8/MW/CAS; 4:16cv554/MW/CAS

substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment (n.3(A)). Amendment 794, effective in November of 2015, provided additional guidance to sentencing courts to assist them in determining whether a mitigating adjustment should apply.

Amendment 794 is a clarifying amendment that resulted in no change to the substantive law. It left the text of § 3B1.2 unchanged and merely "clarified the factors to consider for a minor role adjustment" by revising the commentary. *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016); *United States v. Gomez*, 828 F.3d 324, 328 (5th Cir. 2016); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015). The Eleventh Circuit has recognized that Amendment 794 contains the "non-exhaustive list of factors" that a court should weigh in assessing the propriety of a role adjustment, which factors the court had already delineated in a prior opinion. *Cruickshank*, 837 F.3d at 1184 (*citing United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1995)).

Amendment 794, as a clarifying amendment, has been held to be retroactively applicable on direct appeal. *See United States v. Herrera-Villarreal*, 665 Fed. App'x 762, 763 (11th Cir. 2016) (citing *Cruickshank*,

837 F.3d at 1193-94); *Quintero-Leyva*, 823 F. 3d at 524.   The Eleventh Circuit has also held that a clarifying amendment may be retroactively applied on collateral review in a § 2255 motion, but not in a motion pursuant to § 3582(c)(2).   *See United States v. Spruill,* Case No. 16-15488, 2017 WL 3951716 (11th Cir. Sept. 8, 2017) (citing *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003)); *cf. Ozuna v. United States*, Case No. 17-1544, 2017 WL 4083724 (7th Cir. 2017) ("Section 2255 is not a basis for relief for guideline errors" and judge need not have construed the submission "as a motion to reduce under § 3582(c) because Amendment 794 is not retroactive and did not reduce a guideline."); *Bolton v. United States*, Case No. 17-5196, 2017 WL 3630769, at *4 (6th Cir. 2017) (claim for relief pursuant to Amendment 794 is not a constitutional claim and as such must be brought pursuant to 18 U.S.C. § 3582(c)(2)).

   Assuming the cognizability of a claim for § 2255 relief as a result of Amendment 794, Thomas has not shown she is entitled to relief.   First, Thomas did not object to the lack of role adjustment or raise this issue either at sentencing or on appeal.

Second, even if she had, there was no factual basis for the adjustment. Thomas and co-defendant Kenitra Gilmer, who were the only two individuals charged in this case, were both in possession of TurboTax debit cards in the names of other individuals. The seventeen debit cards seized during a traffic stop contained thousands of dollars in funds from fraudulently-acquired tax refunds. It was also later determined that each woman was captured on video using one of the fraudulently-obtained debit cards. The PSR stated that the "extent of the defendants' involvement is unknown," presumably because no evidence had been presented that Thomas and Gilmer actually submitted the fraudulent returns. (ECF No. 64, PSR ¶ 17). However, this does not establish that a minor role adjustment is proper.

<u>Conclusion</u>

Because the record does not suggest that, factually, Thomas was entitled to the benefit of a downward role adjustment, she cannot show a "transgression of her constitutional rights" or an error that would, if condoned, result in a complete miscarriage of justice. *Lynn*, 365 F.3d at 1232. No evidentiary hearing is warranted, and Thomas's motion should be denied in its entirety.

Case Nos.: 4:14cr8/MW/CAS; 4:16cv554/MW/CAS

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 4:14cr8/MW/CAS; 4:16cv554/MW/CAS

1. The motion to vacate, set aside, or correct sentence (ECF No. 112) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 27th day of September, 2017.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:14cr8/MW/CAS; 4:16cv554/MW/CAS